**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THOMAS WOODWARD and MADISON WOODWARD III,<br><br>Plaintiffs,<br><br>v.<br><br>AMANDA LEFTON, in her official capacity as Commissioner of the New York Department of Environmental Conservation; CATHERINE DICKERT, in her official capacity as Director of the New York Department of Environmental Conservation's Division of Mineral Resources; LETITIA JAMES, in her official capacity as Attorney General of the State of New York; and KATHY HOCHUL, in her official capacity as Governor of the State of New York,<br><br>Defendants. | Case No. 3:26-cv-00736-AJB-CBF |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

LETITIA JAMES
Attorney General of the State of New York
The Capitol
Albany, New York 12224
*Attorney for Defendants*

NATHAN B. SHULOCK
REBECCA E. BUDROW
MEREDITH G. LEE-CLARK
Assistant Attorneys General

Of Counsel

August 28, 2026

## TABLE OF CONTENTS

INTRODUCTION ..... 1

ARGUMENT ..... 1

1. Plaintiffs' claim is time-barred because there is no "ongoing violation" exception. ..... 1
2. Plaintiffs lack standing, and their declarations do not demonstrate injury from the $CO_2$ and propane gel restrictions. ..... 5
3. The requested forms of relief are unavailable. ..... 7
    a. *Knick* bars the requested relief. ..... 7
    b. The Court should not exercise jurisdiction under the Declaratory Judgment Act. ..... 8
4. The State has sovereign immunity because Plaintiffs' claim is backward looking. ..... 9

CONCLUSION ..... 10

## TABLE OF AUTHORITIES

### Cases

*74 Pinehurst LLC v. New York*, 59 F.4th 557 (2d Cir. 2023) .......... 9

*Amerada Hess Corp. v. Acampora*, 486 N.Y.S. 2d 38 (1985).......... 4

*Asociación de Suscripción Conjunta del Seguro de Responsabilidad Obligatorio v. Juarbe-Jiménez*, 659 F.3d 42 (1st Cir. 2011).......... 3, 4, 5

*Baptiste v. Kennealy*, 490 F. Supp. 3d 353 (D. Mass. 2020).......... 8

*Breland v. City of Fairhope*, 229 So. 3d 1078 (Ala. 2016) .......... 4

*California v. Texas*, 593 U.S. 659 (2021).......... 6

*Cedar Point Nursery v. Hassid*, 594 U.S. 139 (2021).......... 9

*Culinary Studios, Inc. v. Newsom*, 517 F. Supp. 3d 1042 (E.D. Cal. 2021).......... 9

*Davis v. Fed. Election Comm'n*, 554 U.S. 724 (2008).......... 6

*Dohany v. Rogers*, 281 U.S. 362 (1930) .......... 7

*Eagleston v. Guido*, 41 F.3d 865 (2d Cir. 1994).......... 1

*EEE Minerals, LLC v. North Dakota*, 81 F.4th 809 (8th Cir. 2023) .......... 8, 9

*First Eng. Evangelical Lutheran Church of Glendale v. L.A. Cnty.*, 482 U.S. 304 (1987).......... 3

*Gilbert v. City of Cambridge*, 932 F.2d 51 (1st Cir. 1991).......... 5

*Gonzalez v. Hasty*, 802 F.3d 212 (2d Cir. 2015).......... 2

*Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006 (2d Cir. 1986).......... 6

*Knick v. Twp. of Scott*, 588 U.S. 180 (2019).......... passim

*Kuhnle Bros. v. Cnty. of Geauga,* 103 F.3d 516 (6th Cir. 1997) .......... 4, 5

*Laborers' Int'l Union of N. Am., Loc. 860 v. Neff*, 29 F.4th 325 (6th Cir. 2022) .......... 8

*Levald, Inc. v. City of Palm Desert,* 998 F.2d 680 (9th Cir. 1993).......... 5

*Levine v. McCabe*, 357 F. Supp. 2d 608 (E.D.N.Y. 2005) .......... 1

*Los Molinos Mut. Water Co. v. Ekdahl*, 695 F. Supp. 3d 1174 (E.D. Cal. 2023).......... 8, 9

*Lucas v. S.C. Coastal Council*, 505 U.S. 1003 (1992). .......... 5

*Nat'l Advert. Co. v. City of Raleigh*, 947 F.2d 1158 (4th Cir. 1991) .......... 5

*New Pulaski Co. v. Mayor & City Council of Balt.*, No. 97-2118, 2000 WL 1005207 (4th Cir. July 20, 2000) (unpublished) .......... 3

*Oppedisano v. Zur*, No. 24-2955, 2025 WL 2682227 (2d Cir. Sept. 19, 2025) (summ. order) ...... 3

*Pearl v. City of Long Beach*, 296 F.3d 76 (2d Cir. 2002) .......... 2

*Pino v. Ryan*, 49 F.3d 51 (2d Cir. 1995) .......... 2

*Ruckelshaus v. Monsanto Co.*, 467 U.S. 986 (1984) .......... 7

*Sanchez v. Torrez*, 173 F.4th 1202 (10th Cir. 2026) .......... 3, 8, 9

*Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948 (9th Cir. 2008) .......... 9

*Somoza v. N.Y.C. Dep't of Educ.*, 538 F.3d 106 (2d Cir. 2008) .......... 3

*Spak v. Phillips*, 857 F.3d 458 (2d Cir. 2017) .......... 1, 4

*T.W. v. N.Y. State Bd. of L. Exam'rs*, 110 F.4th 71 (2d Cir. 2024) .......... 9

*Wallace v. New York*, 40 F. Supp. 3d 278 (E.D.N.Y. 2014) .......... 2, 4

*Yu v. Inc. Vill. of Oyster Bay Cove*, 579 F. Supp. 3d 391 (E.D.N.Y. 2022) .......... 4

**Statutes**

N.Y. Ct. Cl. Act § 10(1) .......... 9

**Rules**

N.Y. C.P.L.R. § 213(1) .......... 9

N.Y. C.P.L.R. § 214(4) .......... 9

N.Y. C.P.L.R. § 217(1) .......... 9

## INTRODUCTION

Plaintiffs allege that New York's prohibition of high-volume hydraulic fracturing—which has been in effect since 2015—effected a taking of their mineral rights. After waiting more than a decade, Plaintiffs have sued in federal court for injunctive and declaratory relief.

This case should be dismissed for several reasons. *First*, the challenge to the ban on high-volume hydraulic fracturing is time-barred. Plaintiffs' so-called "ongoing violation" exception is not recognized in the Second Circuit, and even if it were, it would not apply to takings claims. *Second*, Plaintiffs fail to establish standing for prospective relief because they allege no future injury. Furthermore, Plaintiffs' declarations do not establish any injury from the restrictions on carbon dioxide ("$CO_2$") and propane gel fracturing, which are not commercially viable. *Third*, the requested relief is unavailable. *Knick* explains that equitable relief is unavailable in federal court where, as here, the state provides an adequate process for obtaining just compensation. *Fourth*, Defendants (collectively, the "State") have sovereign immunity. Plaintiffs admit that their injury would be fully remedied by compensatory damages, demonstrating that the alleged violation is in the past and *Ex parte Young* is inapplicable.

## ARGUMENT

1. <u>Plaintiffs' claim is time-barred because there is no "ongoing violation" exception.</u>

In New York, the statute of limitations for Section 1983 claims is three years. *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994). "The three-year limitations period applies regardless of whether the Plaintiff seeks legal, equitable, or declaratory relief." *Levine v. McCabe*, 357 F. Supp. 2d 608, 614 (E.D.N.Y. 2005) (citation omitted).

The date on which a claim accrues is governed by federal law. *Spak v. Phillips*, 857 F.3d 458, 462 (2d Cir. 2017). "[A]ccrual occurs when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir.

2002) (quotation marks & citations omitted). In the takings context, a claim accrues at the moment "the government takes [] property without just compensation." *Knick v. Twp. of Scott*, 588 U.S. 180, 185 (2019). "[T]he mere fact that the effects of [the challenged act] are continuing does not make the . . . act itself a continuing one." *Gonzalez v. Hasty*, 802 F.3d 212, 222 (2d Cir. 2015) (quotation marks & citation omitted).

As alleged, the only economically beneficial use of Plaintiffs' property is high-volume hydraulic fracturing. *See* First Am. Compl. ("Compl.") ¶¶ 63, 79, Dkt. No. 9. Their claim therefore accrued when the State prohibited this technique in 2015. *See* Mem. of Law in Supp. of Defs.' Mot. to Dismiss ("State's Mot.") 6–7, Dkt. No. 32-1.[1]

Plaintiffs argue that a claim cannot be time-barred "if it seeks declaratory and injunctive relief to remedy ongoing violations of federal law" because the clock "'starts to run anew[] every day.'" *See* Pls.' Mem. of Law in Opp'n to Defs.' Mot. to Dismiss ("Pls.' Opp'n") 19, 20, Dkt. No. 39-1 (citation omitted). Plaintiffs call this the "ongoing violation" exception. *Id.* at 19–21 & n.7. But no such exception exists in the Second Circuit, nor could it apply to a takings claim.

First, Plaintiffs' theory conflicts with Second Circuit law. Per the binding precedent cited above, the clock starts to run once the plaintiff is aware of the injury, whether or not the injury persists. The best Plaintiffs can muster is that "the Second Circuit has 'not expressly rejected'" this theory. Pls.' Opp'n 20 (quoting *Wallace v. New York*, 40 F. Supp. 3d 278, 302 (E.D.N.Y. 2014)).[2] But Plaintiffs' theory would mean that claims for injunctive relief—which necessarily

---

[1] The State does not argue that the $CO_2$ and propane gel claims are time-barred. Rather, Plaintiffs lack standing and fail to state claims regarding those provisions. State's Mot. 9–11 & n.8.

[2] *Pino v. Ryan*'s passing observation that a plaintiff "alleged no facts indicating a continuous or ongoing violation" does not support Plaintiffs' argument. *See* 49 F.3d 51, 54 (2d Cir. 1995). If anything, this was a reference to the continuing violation doctrine, which Plaintiffs "do not rely on." Pls.' Opp'n 20 n.7; *see also* State's Mot. 8–9 (explaining doctrine's inapplicability here).

involve ongoing violations—could never be time-barred. On the contrary, the Second Circuit has repeatedly dismissed injunctive claims as time-barred. *See, e.g.*, *Somoza v. N.Y.C. Dep't of Educ.*, 538 F.3d 106, 116 (2d Cir. 2008); *see also Oppedisano v. Zur*, No. 24-2955, 2025 WL 2682227, at *1, *3 (2d Cir. Sept. 19, 2025) (summ. order) (declaratory relief time-barred).

Regardless, any ongoing-violation exception could not apply to an alleged *taking*. In contrast with other constitutional provisions, the Takings Clause "is designed not to limit the governmental interference with property rights *per se,* but rather to secure *compensation* in the event of otherwise proper interference." *First Eng. Evangelical Lutheran Church of Glendale v. L.A. Cnty.*, 482 U.S. 304, 315 (1987). The compensable injury is the denial of just compensation, not the restriction of the use of property. *See Knick*, 588 U.S. at 195 ("[A] fully compensated plaintiff has no further claim . . . because the taking has been remedied by compensation . . . . (emphasis omitted)). Plaintiffs acknowledge that money damages would be a complete remedy for their injury, *see* Pls.' Opp'n 14–15, demonstrating that the alleged violation is long complete.

In keeping with this principle, federal courts have consistently held that a regulatory takings claim accrues when the plaintiff is first injured, and that such a violation is not ongoing, despite any continuing financial effects. *See, e.g.*, *Asociación de Suscripción Conjunta del Seguro de Responsabilidad Obligatorio v. Juarbe-Jiménez*, 659 F.3d 42, 51–52 (1st Cir. 2011); *New Pulaski Co. v. Mayor & City Council of Balt.*, No. 97-2118, 2000 WL 1005207, at *5–6 (4th Cir. July 20, 2000) (unpublished). Unsurprisingly, Plaintiffs cite no case in which an ongoing-violation exception was applied to a claim under the Takings Clause.[3]

[3] Plaintiffs write that *Sanchez v. Torrez* held "that ongoing enforcement of [the] state supreme court decision was an 'ongoing injury.'" Pls.' Opp'n 19 (citing *Sanchez v. Torrez*, 173 F.4th 1202, 1219 (10th Cir. 2026)). However, the phrase "ongoing injury" does not appear in *Sanchez*, and the opinion does not address any statute of limitations or accrual issues.

Plaintiffs' only cited case applying this purported exception within the Second Circuit is *Wallace*, which held that a prisoner's due process and ex post facto claims were not time-barred because the violations were ongoing. *See* 40 F. Supp. 3d at 302–03.[4] For this point, *Wallace* relied primarily on *Kuhnle Brothers v. County of Geauga*, where a company challenged a county law that increased its ongoing operating costs. *See* 103 F.3d 516, 518–19 (6th Cir. 1997). The county had already ceased enforcing the law, and the claims were subject to a two-year statute of limitations. *Id.* The suit was filed more than two years after the law went into effect, but less than two years after enforcement ceased. *Id*. The Sixth Circuit concluded that the substantive due process claim was not time-barred because the company allegedly "suffered a new deprivation of constitutional rights every day that [the law] remained in effect." *Id.* at 522. But the court held that the takings claim was time-barred because it involved "a single harm, measurable and compensable when the statute [wa]s passed." *Id.* at 521 (citation omitted). Thus, even Plaintiffs' best case makes clear that an ongoing-violation theory could not apply to takings claims.

Lastly, Plaintiffs argue that the statute of limitations does not apply because they bring an as-applied, rather than facial, claim. *See* Pls.' Opp'n 22.[5] The only relevant difference between these types of claims is that a facial claim accrues when the challenged regulation is enacted, while an as-applied claim typically accrues when the government issues a final decision applying the regulation to the plaintiff's circumstances. *Compare Asociación de Suscripción Conjunta*, 659 F.3d at 50, *with Yu v. Inc. Vill. of Oyster Bay Cove*, 579 F. Supp. 3d 391, 396 (E.D.N.Y. 2022). In either context, the statute of limitations expires after the applicable period, regardless

[4] Plaintiffs also cite two state court cases applying state law. Pls.' Opp'n 20 (citing *Breland v. City of Fairhope*, 229 So. 3d 1078, 1086 (Ala. 2016); *Amerada Hess Corp. v. Acampora*, 486 N.Y.S. 2d 38, 41 (1985)). Accrual is a question of federal law. *Spak*, 857 F.3d at 462.

[5] The Complaint asks for a declaration that the ban is unlawful "on its face and as applied." Compl. 17. Plaintiffs now confirm that they bring only an as-applied claim. *See* Pls.' Opp'n 22.

of the regulation's ongoing financial effects on the plaintiff. *See, e.g.*, *Asociación de Suscripción Conjunta*, 659 F.3d at 51 (facial); *Levald, Inc. v. City of Palm Desert,* 998 F.2d 680, 688 (9th Cir. 1993) (facial); *Gilbert v. City of Cambridge*, 932 F.2d 51, 57–59 (1st Cir. 1991) (as-applied); *Nat'l Advert. Co. v. City of Raleigh*, 947 F.2d 1158, 1161–63 (4th Cir. 1991) (as-applied).

As explained in the State's Motion, Plaintiffs' claim accrued in 2015. State's Mot. 6–7. Plaintiffs offer no alternative accrual date, so their facial-vs.-as-applied argument has no bearing on the suit's timeliness. *See* Pls.' Opp'n 22. The Complaint should be dismissed as time-barred.

2. Plaintiffs lack standing, and their declarations do not demonstrate injury from the $CO_2$ and propane gel restrictions.

As explained in the State's Motion, Plaintiffs lack standing to pursue injunctive or declaratory relief because their alleged injury occurred in the past. State's Mot. 9–10. In response, Plaintiffs argue that their case is distinguishable because their claim does not seek the return of physical property, only relief from regulation. *See* Pls.' Opp'n 18. But the theory of regulatory takings posits that the "total deprivation of beneficial use is . . . the equivalent of a physical appropriation." *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1017 (1992). When the government fails to provide compensation for a regulatory taking, "the violation is complete at the time of the taking." *Knick*, 588 U.S. at 202. The injury is the lack of compensation, which is "measurable and compensable" at that moment. *Kuhnle*, 103 F.3d at 521. Any lasting effects of a completed taking are "nothing more than the predictable, albeit painful, consequences of the [taking,]" not new, challengeable actions. *Asociación de Suscripción Conjunta*, 659 F.3d at 52 (citation omitted). Thus, Plaintiffs have failed to allege a future injury, and they lack standing.

The State's Motion also explained that Plaintiffs lack standing to challenge the $CO_2$ and propane gel restrictions for the additional reason that they failed to allege *any* injury, past or future. State's Mot. 10–11. Plaintiffs agree that the three technologies at issue are distinct from

one another. Pls.' Opp'n 23–24. And each technology was prohibited by a distinct action and legal provision: high-volume hydraulic fracturing by the 2015 Supplemental Generic Environmental Impact Statement, propane gel fracturing by the 2020 legislative moratorium, and $CO_2$ fracturing by the 2024 legislative ban. Therefore, Plaintiffs must show standing to challenge each of these restrictions. *See Davis v. Fed. Election Comm'n*, 554 U.S. 724, 733–34 (2008).

Plaintiffs admit that propane gel fracturing and $CO_2$ fracturing "have not yet proven to be commercially practicable" in these shale formations. Compl. ¶ 38. The Complaint does not allege that Plaintiffs would use either technology but for the statutory restrictions. In their recently submitted declarations, however, each Plaintiff states:

> But for New York's . . . ban on issuing permits for [propane gel and $CO_2$ fracturing], I would lease my minerals to an operator for them to experiment with [those] techniques. Even if they failed to make the technology commercially practicable for gas extraction in my property's location, I would probably at least get paid a lease bonus for giving them the opportunity to experiment.

T. Woodward Decl. ¶¶ 12, 13, Dkt. No. 39-2; M. Woodward Decl. ¶¶ 12, 13, Dkt. No. 39-3.

These declarations do not establish standing. Where a plaintiff's alleged injury "depends upon the decision of an independent third party . . . , standing is . . . substantially more difficult to establish[,]" and "the plaintiff must show at the least that third parties will likely react in predictable ways." *California v. Texas*, 593 U.S. 659, 675 (2021) (citations omitted). Plaintiffs provide no support for their assertion that an operator would "probably" pay a bonus for "the opportunity to experiment." They do not allege that these technologies are commercially viable anywhere or that experimental use is being conducted anywhere. They do not identify which operator would want to lease their land, or whether operators ever pay lease bonuses to test experimental techniques. Plaintiffs' assertions are conclusory, and their alleged injury is conjectural, not imminent. *See Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986) (holding it was improper on Rule 12(b)(1) motion to consider affidavit that "contain[ed] no

information to indicate a basis in personal knowledge for the affiant's conclusory statement"). Plaintiffs therefore lack standing to challenge the $CO_2$ and propane gel restrictions.

3. <u>The requested forms of relief are unavailable.</u>

*a.* Knick *bars the requested relief.*

The State's Motion explained that equitable relief is unavailable because New York provides an adequate procedure for obtaining just compensation in state court. State's Mot. 11–15. As the Supreme Court held decades ago, "[e]quitable relief is not available to enjoin an alleged taking of private property for a public use, duly authorized by law, when a suit for compensation can be brought against the sovereign subsequent to the taking." *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1016 (1984) (footnote & citation omitted). The Court confirmed this principle in *Knick*: "So long as the property owner has some way to obtain compensation after the fact, governments need not fear that courts will enjoin their activities." 588 U.S. at 185.

Plaintiffs argue that a state-court compensatory remedy is not enough—only a federal compensatory remedy could bar equitable relief. *See* Pls.' Opp'n 13. But *Knick* foreclosed that precise argument. In response to the dissent's concern that the decision would open the flood gates of injunctive suits, the Court noted that, under its ruling, "every one of the cases cited by the dissent would come out the same way—the plaintiffs would not be entitled to the relief they requested because they could instead pursue a suit for compensation." *Knick*, 588 U.S. at 201.

One of these cases, *Dohany v. Rogers*, is identical in relevant respects to the instant case. *See* 281 U.S. 362 (1930) (cited at *Knick*, 588 U.S. at 210 n.1 (Kagan, J., dissenting)). In *Dohany*, a property owner sued a state official in federal district court, seeking to enjoin the official from taking his property. *Id.* at 363–64. The Court concluded that Michigan provided an adequate mechanism for the owner to seek just compensation and therefore affirmed dismissal of the suit. *See id.* at 367–370. As *Knick* stated, *Dohany* would "come out the same way" now. *Knick*, 588

U.S. at 201. The property owner "would not be entitled to the [equitable] relief [he] requested because [he] could instead pursue a suit for compensation." *Id.* This is true even though the owner chose to sue in federal court, where damages were unavailable due to sovereign immunity.

Since *Knick*, lower courts have correctly concluded that equitable relief is unavailable where the state provides an adequate provision to obtain just compensation. *See, e.g.*, *EEE Minerals, LLC v. North Dakota*, 81 F.4th 809, 816 (8th Cir. 2023); *Laborers' Int'l Union of N. Am., Loc. 860 v. Neff*, 29 F.4th 325, 334–35 (6th Cir. 2022); *Los Molinos Mut. Water Co. v. Ekdahl*, 695 F. Supp. 3d 1174, 1189 (E.D. Cal. 2023). Even *Sanchez v. Torrez*, quoted throughout Plaintiffs' brief, does not question this conclusion: "legal remedies under New Mexico law may prevent a federal court from awarding the Landowners' requested equitable relief in the form of injunction." 173 F.4th 1202, 1222 (10th Cir. 2026). Plaintiffs cite no case that interprets *Knick* otherwise. *See* Pls.' Opp'n 12–13. Furthermore, *Knick*'s bar against equitable relief extends to declaratory relief. *See Baptiste v. Kennealy*, 490 F. Supp. 3d 353, 391 (D. Mass. 2020).

Because New York makes adequate provision for obtaining just compensation, the requested forms of relief are unavailable.

*b. The Court should not exercise jurisdiction under the Declaratory Judgment Act.*

For the reasons given in the State's Motion at 16–19, the Court should decline to exercise jurisdiction for declaratory relief, which is also barred by the other doctrines identified in the State's Motion.

One point from Plaintiffs' Opposition bears response. Plaintiffs argue that a declaratory judgment would finalize the controversy because if this Court "adjudicate[s] the issues related to the merits, including the timeliness of the [federal] claims, and the appropriate level of just compensation[,] . . . the only thing for the state court to do would be to enforce [this Court's] judgment." Pls.' Opp'n 14–15. Putting aside various obstacles to this course of action, Plaintiffs

would still need a live cause of action in state court, and any state-court suit would be time-barred.[6] Declaratory relief would be unhelpful and inappropriate.

4. The State has sovereign immunity because Plaintiffs' claim is backward looking.

Plaintiffs' claim does not fall under *Ex parte Young* because the alleged violation is not ongoing, nor is the requested relief properly characterized as prospective. State's Mot. 19–24. The Takings Clause does not prohibit the taking of property; rather, it prohibits taking without just compensation. A taking is therefore a past injury, and federal courts have repeatedly held that sovereign immunity bars takings claims seeking injunctive or declaratory relief against state officials. *See T.W. v. N.Y. State Bd. of L. Exam'rs*, 110 F.4th 71, 93 (2d Cir. 2024); *EEE Minerals*, 81 F.4th at 816; *Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 956 (9th Cir. 2008); *Los Molinos Mutual Water Co.*, 695 F. Supp. 3d at 1189–90; *Culinary Studios, Inc. v. Newsom*, 517 F. Supp. 3d 1042, 1065 (E.D. Cal. 2021).

Plaintiffs point to three cases to argue for the applicability of *Ex parte Young*, *see* Pls.' Opp'n 4–7, but each case is inapposite or unpersuasive. *Cedar Point Nursery v. Hassid* did not address sovereign immunity or the availability of prospective relief. *See* 594 U.S. 139, 143–44 (2021). *Sanchez*'s conclusion that the landowners could seek injunctive relief under *Ex parte Young* was both incorrect and undercut by its subsequent observation that, had the case continued, the availability of state-law remedies may have foreclosed injunctive relief. *See Sanchez*, 173 F.3d at 1218–22. And in *74 Pinehurst LLC v. New York*, prospective relief was not a live issue because the Second Circuit affirmed the district court's conclusion that the complaint failed to state a claim. *See* 59 F.4th 557, 563–64, 569–570 (2d Cir. 2023).

Notably, Plaintiffs admit that their claim would be fully remedied by damages, the

[6] While the claims in this hypothetical lawsuit are unknown, all conceivably applicable statutes of limitations have run. *See* N.Y. C.P.L.R. §§ 213(1), 214(4), 217(1); N.Y. Ct. Cl. Act § 10(1).

hallmark of a backward-looking injury. They say that if the State "pa[id] just compensation," this would "finalize the controversy." Pls.' Opp'n 14. They assert that if this Court "adjudicate[d] the issues related to the merits . . . and the appropriate level of just compensation[,] . . . the only thing for the state court to do would be to enforce [this Court's] judgment." *Id.* at 14–15. They suggest that "[t]he facts surrounding the amount of just compensation" will have to be "decided" at a later stage in this case. *Id.* at 19 n.6. And they hypothesize that the State could make this process more efficient by "waiv[ing] sovereign immunity and allow[ing] the Woodwards to seek just compensation in this Court." *Id.* at 16 (citation omitted).

As these admissions make clear, Plaintiffs' alleged injury is a financial harm that was complete the moment the State banned high-volume hydraulic fracturing. There is no ongoing violation, and the requested relief is not properly characterized as prospective, so *Ex parte Young*'s exception to sovereign immunity does not apply. Moreover, these admissions demonstrate that Plaintiffs' claim is time-barred and that Plaintiffs have not alleged the future injury necessary for standing.

**CONCLUSION**

The State respectfully requests that the Court dismiss the Complaint in full.

Dated: August 28, 2026
Albany, New York

LETITIA JAMES
Attorney General of the State of New York
Attorney for Defendants

By: /s/ Nathan B. Shulock
NATHAN B. SHULOCK (NDNY Bar No. 706935)
REBECCA E. BUDROW (NDNY Bar No. 707569)
Assistant Attorneys General
New York State Office of the Attorney General
Environmental Protection Bureau
The Capitol
Albany, NY 12224
(518) 776-2422
Nathan.Shulock@ag.ny.gov